UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT,<br><br>    Plaintiff,<br><br>vs.<br><br>US CURRENCY $535,746.24,<br><br>    Defendant. | Case No. 2:21-cv-00950-GMN-VCF<br><br>**REPORT AND RECOMMENDATION**<br><br>And<br><br>**ORDER**<br><br>NOTICE OF REMOVAL [ECF NO. 1-1]; MOTION TO REMAND [ECF NO. 6]; MOTION TO SET ASIDE DEFAULT AND DEFAULT JUDGMENT [ECF NO. 11]; MOTION FOR EVIDENTIARY HEARING [ECF NO. 1 12]; MOTION TO STAY EXECUTION OF JUDGMENT [ECF NO. 13]; APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS [ECF NO. 20] |

Interested party Steven C. Gazlay filed a notice of removal, an application to proceed in forma pauperis (IFP), a motion to set aside default and default judgment, a motion for an evidentiary hearing, and a motion to stay execution. ECF Nos. 1-1, 11, 12, 13, and 20. The plaintiff, Las Vegas Metropolitan Police Department, filed a motion to remand. ECF No. 6. I grant the interested party's IFP application. ECF No. 20. I recommend that the plaintiff's motion to remand be granted. ECF No. 6. I also recommend that the rest of the interested party's motions be denied as moot. ECF Nos. 11, 12 and 13.

I.  Discussion

   a.  IFP Application

A court may allow a person to file in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he is unable to pay such fees or provide such security. See 28

U.S.C. § 1915(a). I evaluated Gazlay's financial affidavit, which he submitted to the Court under penalty of perjury. Gazlay swears that he has no wages, assets, or property. ECF No. 20. I find that he has satisfied the economic eligibility requirement of 28 U.S.C. § 1915(a) and I grant the application to proceed IFP.

### b. Recommendation to Remand

Cases from state court may be removed by a defendant. 28 U.S.C. § 1441(a). "If the district court at any time determines that it lacks jurisdiction over the removed action, it must remedy the improvident grant of removal by remanding the action to state court." *Cal. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir.), opinion amended on denial of reh'g, 387 F.3d 966 (9th Cir. 2004) (citing 28 U.S.C. § 1447). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *Id.* Under 28 U.S.C. § 1441, the right to remove a case to federal court is vested exclusively in the defendant or defendants. See 28 U.S.C. § 1441(a).

Interested party Steven C. Gazlay is not a defendant in the underlying state court action. I recommend that the LVMPD's motion be granted and that this case be remanded back to state court. I recommend that the interested party's other motions be denied as moot.

ACCORDINGLY,

I ORDER that interested party Steven C. Gazlay's application to proceed in forma pauperis (ECF No. 20) is GRANTED.

I RECOMMEND that the LVMPD's motion (ECF No. 6) be GRANTED and that this action be REMANDED.

I FURTHER RECOMMEND that interested party Steven C. Gazlay's remaining motions to set aside default and default judgment (ECF No. 11), motion for an evidentiary hearing (ECF No. 12), and

his motion to stay execution (ECF No. 13) be DENIED AS MOOT.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO ORDERED AND RECOMMENDED.

DATED this 9th day of February 2022.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE